UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MIKHAIL YUSIM,

                              Plaintiff,

                 -against-

UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

                              Defendant.

------------------------------------------------------------------------ X

**MEMORANDUM OF
DECISION AND ORDER**

15-CV-06576 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Mikhail Yusim brings the instant action against Defendant United States Department of Housing and Urban Development ("HUD"), asserting claims under the Privacy Act, Title II of the Americans with Disabilities Act (the "ADA"), and Section 504 of the Rehabilitation Act, arising out of Defendant's alleged failure to sufficiently investigate Plaintiff's administrative complaint. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(l) and 12(b)(6) to dismiss the complaint.

## BACKGROUND[1]

      Plaintiff submitted an application to the New York City Housing Authority ("NYCHA") identifying homelessness and disability as the basis for seeking public housing.[2] (Am. Compl., Ex. 1 at 7, ECF No. 5-1.) After NYCHA did not provide Plaintiff with housing, Plaintiff filed an administrative complaint with HUD, alleging that NYCHA discriminated against him on the basis of his physical handicap. (*Id.*) By letter dated January 29, 2015, HUD informed Plaintiff

---

[1] The following facts are taken from the Amended Complaint and are assumed to be true for purposes of deciding the instant motion.
[2] The record does not indicate the date of the application.

that his complaint was accepted for investigation pursuant to the Fair Housing Act. (*Id*. at 5.) The letter further stated that, because NYCHA was listed as the respondent, Plaintiff's complaint was also being filed under the Rehabilitation Act and the ADA. (*Id*.) HUD conducted an investigation of Plaintiff's Rehabilitation Act and ADA allegations. (*Id*.) The Fair Housing Act portion of Plaintiff's complaint was referred to the New York State Division of Human Rights (the "NY Human Rights Division") for simultaneous investigation under the New York State Human Rights Law. (*Id*.) On August 7, 2015, the NY Human Rights Division concluded its investigation, finding that there was no reasonable cause for Plaintiff's complaint. (*Id*. at 1.) On February 23, 2016, HUD notified Plaintiff that it adopted the findings of the NY Human Rights Division and closed Plaintiff's complaint. (*Id*.)

Plaintiff alleges that Defendant "mishandled" his complaint by not sufficiently investigating his allegation in violation of the ADA and the Rehabilitation Act. (Am. Compl. ¶ 4, ECF No. 5.) In addition, Plaintiff alleges that Defendant did not request his medical records as part of its investigation in violation of the Privacy Act. (*Id.* at ¶ 3.) Plaintiff seeks damages in the amount of $75,000 to cover the costs of a "temporary" hotel bill. (*Id.* at ¶ 4.)

## STANDARD OF REVIEW

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively "identical." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999). In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Grp. Sec. Litig.*, 309 F. App'x 495, 497 (2d Cir. 2009) (citing *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A case is properly dismissed under Rule 12(b)(6) when the complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Such as here, when a party moves for dismissal under Rule 12(b)(l) and on other grounds, courts consider the Rule 12(b)(l) challenge first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot." *Id*.

## DISCUSSION

### I. Subject Matter Jurisdiction as to the ADA and Rehabilitation Claims

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This applies with equal force to pro se plaintiffs. *See Chestnut v. Wells Fargo Bank, N A.*, No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction

pursuant to 28 U.S.C. § 1332. *Id.* ("The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332.").

Here, Plaintiff's basis for jurisdiction is federal question jurisdiction under the ADA, Rehabilitation Act, and Privacy Act. (Am. Compl. ¶ 2.) However, under the doctrine of sovereign immunity, the federal government and its agencies are "immune from suit" unless the United States "consents to be sued." *Hercules Inc. v. U.S.*, 516 U.S. 417, 422 (1996). That is, "a waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Thus, "[f]or a suit against the United States or its agencies to survive a motion to dismiss, the plaintiff must identify a specific statute that waives the sovereign immunity of the government for that type of claim." *Spinale v. U.S.*, No. 03-CV-1704, 2004 WL 50873, at *6 (S.D.N.Y. Jan. 9, 2004).

Section 504 of the Rehabilitation Act provides a waiver of sovereign immunity in limited circumstances for claims related to "funding activities of federal providers." *See Farmer v. Fed. Bureau of Prisons*, No. 13-CV-1255, 2015 WL 1439871, at *6 n.1 (E.D.N.Y. Mar. 27, 2015); *see also Sarvis v. U.S.*, 234 F.3d 1262 (2d Cir. 2000) ("Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504[] violations, except where a federal agency is acting as a '*Federal provider*' of financial assistance.") (citing *Lane*, 518 U.S. at 193) (emphasis in original). However, this waiver is not applicable to Plaintiff's claims, as they do not involve the funding activities of HUD. *Cf. Williams v. New York City Hous. Auth.*, No. 07-CV-7587, 2009 WL 804137, at *4 (S.D.N.Y. Mar. 26, 2009), *aff'd*, 408 F. App'x 389 (2d Cir. 2010) (holding that HUD was not entitled to sovereign immunity under the Rehabilitation Act when

plaintiff, alleging hazardous conditions in her public housing, named HUD as a defendant in its capacity as a provider of funding to the state housing agency in the Section 8 program).

Plaintiff's ADA claim also fails, as Title II of the ADA is not applicable to HUD. *Jackson v. Astrue*, 277 F. App'x 76, 77 (2d Cir. 2008) ("The district court properly dismissed the discrimination claim for lack of subject matter jurisdiction 'because Title II of the ADA is not applicable to the federal government.'") (citing *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000)).

## II.    Failure to State a Claim Under the Privacy Act

Plaintiff also brings a claim under the Privacy Act.[3] (Am. Compl. ¶ 2.) Generally, a plaintiff may recover damages under the Privacy Act if the government disclosed information regarding the individual. *See* 5 U.S.C. § 552a(g); *see also Mandel v. U.S. Office of Pers. Mgmt.*, 244 F. Supp. 2d 146, 150 (E.D.N.Y. 2003.), *aff'd sub nom.*, *Mandel v. U.S. Office Pers. Mgmt.*, 79 F. App'x 479 (2d Cir. 2003) ("To prevail, the plaintiff must prove: (1) the information is covered by the Act as a record contained in a system of records; (2) the agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was willful or intentional."). Here, Plaintiff does not allege that Defendant improperly disclosed his records. Instead, Plaintiff asserts a claim for Defendant's alleged failure to "follow[] up with requesting [] medical records or any other significant and related information" such as "acquir[ing] [Plaintiff's] consent for release of [Plaintiff's] medical information." (Am. Compl. ¶ 3.) Essentially, Plaintiff bases his claim on Defendant's alleged failure to request his medical

---

[3] Having dispensed with Plaintiff's ADA and Rehabilitation claims, only the Privacy Act claim warrants a Rule 12(b)(6) analysis.

records as part of its investigation into his complaint. Plaintiff does not allege that Defendant improperly disclosed his records as required to state a claim under the Privacy Act. Accordingly, this claim is dismissed.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED for lack of subject matter jurisdiction as to the ADA and Rehabilitation Act claims as well as for failure to state a claim as to the Privacy Act claim. The complaint is dismissed with prejudice, as repleading would be futile. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("[L]eave to amend need not be granted where the proposed amendment would be futile."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED:
    /s/ LDH
L&#42881;SHANN D&#42873;ARCY HALL
United States District Judge

Dated: Brooklyn, New York
     March 28, 2018